1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL JOVIVETTE,                            No.  2:13-cv-0069 TLN DAD P

12                 Plaintiff,

13        v.                                    ORDER

14   STATE OF CALIFORNIA et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2    1915(b)(2).

3                          **SCREENING REQUIREMENT**

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. §

6    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9    U.S.C. § 1915A(b)(1) & (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11    <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

12    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13    indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

14    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15    pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

16    Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

17        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

20    <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

21    However, in order to survive dismissal for failure to state a claim a complaint must contain more

22    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23    allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550

24    U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

26    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

28    /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his complaint plaintiff has identified the State of California as well as twenty-five individual prison officials or correctional officers as the defendants in this action.  Therein plaintiff alleges as follows.  On February 20, 2012, defendants Bick and Jeffers performed an unclothed body search on plaintiff and his cellmate.  Plaintiff complied with the defendants' orders, but defendant Bick repeatedly subjected him to re-inspections and became sexually aroused during the process.  Plaintiff alleges that he filed an inmate appeal based on the defendants' misconduct, but defendant Kauffman denied it.  Plaintiff claims that a series of events that happened over the course of the next year.  He alleges that defendants Perez and Santos conducted a cell search and stole some of his personal property.  He alleges that prison officials

3

1   falsely accused of him of sexual contact with a visitor, which led to a visitor suspension.  He

2   alleges that defendants Bess and Harding "conspired" to circumvent the prison mail system and

3   removed plaintiff's mail from the mail box.  Finally, plaintiff alleges that defendant Bess

4   threatened plaintiff with bodily harm, and defendants Hayward, Dunlap, and Harris "conspired"

5   to place plaintiff on "C" status and have him transferred.  (Compl. at 2-4.)

6                                    **DISCUSSION**

7          The allegations of plaintiff's complaint are so vague and conclusory that the court is

8   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

9   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

10  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

11  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

12  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

13  with at least some degree of particularity overt acts which defendants engaged in that support his

14  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

15  8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an

16  amended complaint.

17         If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

18  the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

19  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

20  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

21  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

22  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

23  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

24  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

25  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26         Plaintiff's complaint suffers from a number of deficiencies.  First and foremost, it is not

27  clear to the court what claims is even attempting to bring in this action.  In any amended

28  complaint, plaintiff should clarify which of his constitutional rights he believes each defendant

                                        4

1    has violated and support each such claim with factual allegations about the defendant's actions.

2    Instead, plaintiff opens his original complaint by identifying more than twenty defendants and

3    alleging that certain defendants have engaged in a series of wrongdoings.  However, plaintiff has

4    not included any factual allegations at all with respect to several of the named defendants.  In

5    addition, where plaintiff has included allegations against named defendants, he has failed to

6    allege wrongdoing on their part that rises to the level of a constitutional violation.  Finally,

7    plaintiff has attached 150 pages worth of exhibits to his original complaint.  Although in some

8    instances exhibits can be useful in supporting and explaining the allegations made by a plaintiff in

9    his or her complaint, the court will not sift through exhibits attached to a complaint to attempt to

10    determine the precise nature of plaintiff's claims against defendants in this action.

11        Plaintiff is advised of the following legal standards that may be relevant to the claims he is

12    attempting to bring.  First, insofar as plaintiff is attempting to assert an Eighth Amendment claim,

13    the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment

14    prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See

15    also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06

16    (1976).  However, neither accident nor negligence constitutes cruel and unusual punishment,

17    because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that

18    characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475

19    U.S. at 319.  What is needed to show unnecessary and wanton infliction of pain "varies according

20    to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

21    (citing Whitley, 475 U.S. at 320).  To state such a claim plaintiff must allege facts showing that

22    objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had

23    a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.

24    Seiter, 501 U.S. 294, 298-99 (1991).

25        Insofar as plaintiff is attempting to assert a Fourteenth Amendment procedural due

26    process claim, the United States Supreme Court has held that "an unauthorized intentional

27    deprivation of property by a state employee does not constitute a violation of the procedural

28    requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

1   postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

2   See also Parratt v. Taylor, 451 U.S. 527, 543 (1981) (a prisoner alleging the deprivation of

3   property as a result of an agents' failure to follow established state procedures failed to state a

4   cognizable due process claim); overruled on other grounds by, Daniels v. Williams, 474 U.S. 327

5   (1986) (a prisoner alleging lack of due care by state officials failed to state a due process claim

6   because negligence does not "deprive" an individual of life, liberty, or property for purposes of

7   the Fourteenth Amendment). The California Legislature has provided a remedy for tort claims

8   against public officials in California Government Code, §§ 900, et seq. Thus, only authorized,

9   intentional deprivations constitute actionable violations of the Due Process Clause. An

10  authorized deprivation is one carried out pursuant to established state procedures, regulations or

11  statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

12          Insofar as plaintiff is attempting to assert a First Amendment retaliation claim, prisoners

13  have a constitutional right to pursue civil rights litigation in the courts. See Rhodes v. Robinson,

14  408 F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing

15  so. See id. at 568. However, the Ninth Circuit has made clear:

16              Within the prison context, a viable claim of First Amendment
                retaliation entails five basic elements: (1) An assertion that a state
17              actor took some adverse action against an inmate (2) because of (3)
                that prisoner's protected conduct, and that such action (4) chilled
18              the inmate's exercise of his First Amendment rights, and (5) the
                action did not reasonably advance a legitimate correctional goal.
19

20  Id. at 567-68. See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a

21  retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, literally, "after

22  this, therefore because of this.").

23          Finally, the court notes that it is not clear from plaintiff's complaint whether plaintiff's

24  allegations and would-be claims against the defendants are related to or independent of each

25  other. Plaintiff is advised that this court will not allow him to proceed in this action against more

26  than twenty named defendants if his claims against those defendants are wholly unrelated. See

27  Fed. R. Civ. P. 18(a). Plaintiff may pursue multiple claims against a single defendant, but he may

28  not pursue unrelated claims against different defendants. See George v. Smith, 507 F.3d 605 (7th

Cir. 2007).  In George, a state prisoner sued twenty-four persons who had some role in his

confinement and alleged numerous violations of his constitutional rights.  In reviewing plaintiff's

"mishmash complaint," the Seventh Circuit Court of Appeals explained:

> The controlling principle appears in Fed. R. Civ. P. 18(a):  "A party
> asserting a claim . . . may join, [] as independent or as alternate
> claims, as many claims . . . as the party has against an opposing
> party."  Thus multiple claims against a single party are fine, but
> Claim A against Defendant 1 should not be joined with unrelated
> Claim B against Defendant 2.  Unrelated claims against different
> defendants belong in different suits, not only to prevent the sort of
> morass that this 50-claim, 24-defendant suit produced but also to
> ensure that prisoners pay the required filing fees - for the Prison
> Litigation Reform Act limits to 3 the number of frivolous suits or
> appeals that any prisoner may file without prepayment of the
> required fees.  28 U.S.C. § 1915(g).  George was trying not only to
> save money but also to dodge that rule.  He hoped that if even 1 of
> his 50 claims were deemed non-frivolous, he would receive no
> "strikes" at all, as opposed to the 49 that would result from making
> 49 frivolous claims in a batch of 50 suits.

Id. at 607.  See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both

commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-

10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in

Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with

Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH,

2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make

plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

/////

/////

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  January 30, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jovi0069.14a

8