UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL JOVIVETTE,

        Plaintiff,

   v.

STATE OF CALIFORNIA et al.,

        Defendants.

No. 2:13-cv-0069 TLN DAD P

FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

## SCREENING REQUIREMENT

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

4  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

5  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff has identified Warden Hill and twenty-five other prison officials or correctional officers as the defendants in this action.  Plaintiff's complaint is difficult to decipher.  In the space provided on the form complaint for him to describe his "Statement of Claim," plaintiff asks the court to "grant a[n] order of factual findings of due process and declaratory judgment based on upon the evidence" pursuant to the "APA" and the First and Fifth Amendment.  In the space provided for him to state his request for "Relief," plaintiff moves the court to "review the evidence presented for a factual findings that the plaintiff has afforded the defendant(s) 'full due process of law' and grant a[n] order for declaratory judgment in favor of the plaintiff and against the defendant(s)."  Plaintiff has attached to his complaint copies of outgoing legal mail logs and UCC Financing Statements.  (Am. Compl. at 2 & Exs. A & B.)

## DISCUSSION

The court will recommend dismissal of plaintiff's amended complaint without leave to amend.  When the court screened plaintiff's original complaint, it informed plaintiff that his original complaint suffered from a number of deficiencies.  First and foremost, it was not clear to the court what claims plaintiff was even attempting to bring in this action.  The court instructed plaintiff that in any amended complaint he elected to file he needed to clarify which of his constitutional rights he believed each defendant had violated and support each such claim with factual allegations about the defendant's actions.  In addition, plaintiff had attached 150 pages worth of exhibits to his original complaint.  The court explained that, although in some instances exhibits can be useful in supporting and explaining the allegations made by a plaintiff in his or her complaint, the court would not sift through exhibits attached to a complaint to attempt to

determine the precise nature of plaintiff's claims against defendants in this action.

As described above, plaintiff's amended complaint suffers from the same deficiencies the court observed in his original complaint. Again, it is not clear what plaintiff's constitutional claims are or how or why he believes the named defendants have violated his constitutional or statutory rights, if at all. The undersigned concludes that it is clear plaintiff cannot cure the deficiencies of his complaint, and therefore, dismissal of this civil rights action without further leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a cognizable claim for relief; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jovi0069.56